UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14-CR-122 CEJ |
| | ) | |
| DAVID SHEN, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

Pursuant to 28 U.S.C. § 636(b), the Court referred all pretrial matters in this case to United States Magistrate Judge Nannette A. Baker for determination and recommended disposition, where appropriate. On April 21, 2015, Judge Baker issued a Report and Recommendation with respect to the motion filed by defendant David Shen to dis miss Count I of the indictment. Thereafter, the defendant filed timely objections to the recommendation that his motion be denied.

Pursuant to 28 U.S.C. § 636(b)(1), the Court is required to make a *de novo* determination of the specified proposed findings and recommendations to which objection is made. Here, the defendant states that he objects to the Report and Recommendation "in their entirety in law and fact and pursuant to 28 U.S.C. 636(b)(1) with respect to each and all said recommendations, singularly and collectively, of the United States Magistrate Judge's Report and Recommendations." The defendant does not identify a specific portion of the Report and Recommendation that he objects to, nor does he state any basis for his objections. The defendant's general, non-specific objections are insufficient to trigger de novo review under § 636(b)(1).

Nevertheless, the Court has reviewed the defendant's arguments in support of his motion and concludes that Count I of the indictment should not be dismissed. Count I charges the defendant with intentionally accessing a computer without authorization, in violation of 18 U.S.C. § 1030(a)(2)(C). The language of the Count I tracks the language of the statute and is facially sufficient. *See* United States v. Sewell, 513 F.3d 820, 821 (8th Cir. 2008) (indictment that tracks statutory language is sufficient). Additionally, Count I contains factual allegations that are sufficient to inform the defendant of the conduct that is deemed unlawful. *See* Hamling v. United States, 418 U.S. 87, 117 (1974) (indictment valid where allegations are sufficient to inform the defendant of the charge and to enable him to defend against it or plead double jeopardy as a bar). Further, the facts alleged in Count I, if proved, would be sufficient to establish a violation of the statute.

The Court concludes that the magistrate judge did not err in her analysis of the law applicable to the defendant's motion. Accordingly, for the reasons discussed above,

**IT IS HEREBY ORDERED** that the Report and Recommendation of United States Magistrate Judge Nannette A. Baker [Doc. # 36] is sustained, adopted, and incorporated herein.

**IT IS FURTHER ORDERED** that the defendant's motion to dismiss the indictment [Doc. # 30] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 26th day of May, 2015.